## PAGE *v.* RALPH.

Decided October 31, 1891.

*Probate judgment—Relief in equity.*

> Where it appears either that an administrator allowed a claim in part and rejected or failed to act upon the remainder, and the probate court acted upon the allowance only ; or that the probate court allowed the entire claim, but by mistake judgment was entered for a less sum : in either case the remedy in the probate court is adequate, and resort to equity unnecessary.

APPEAL from *Chicot* Circuit Court in chancery.

CARROLL D. WOOD, Judge.

On June 14, 1887, Edward Page, as surviving partner of the firm of Page & Moran, brought suit in chancery, alleging that his firm had a claim against the estate of James H. Ralph, deceased, based on his promissory note for $396.25, dated April 27, 1875, and due November 1, 1875, and bearing 8 per cent. interest from maturity, and an open account for $2.50; that the claim duly sworn to was, on January 13, 1876, presented to the administrator for allowance, and was allowed for $405, the full amount then due, including interest, but by mistake the amount was indorsed on the claim as $305 instead of $405, the true amount due and as allowed ; that the mistake was not discovered, and the claim was classed in the fourth class as $305 on January 28, 1876, and the court, in making the order, by mistake adjudged that the claim should bear only 6 per cent. interest instead of 8 per cent., as borne on the face of the note ; that these mistakes were not discovered until 1884; that the claimant shortly afterwards applied to the probate court to correct the mistakes, but it declined to do so ; that the administration had not been closed ; that the judgment as entered had been paid, but there was justly due plaintiff $100 with 8 per cent. interest from January 28, 1876, and also 2 per cent. on the $305 from January 28, 1876, to the time of its payment. . The complaint sets out the payments made from time to time and the amount of interest accrued, showing that, if the mistakes were corrected, there would be due plaintiff $248.60 as of June 28, 1887; and prayed that the errors be corrected, and that the administrator be directed to pay the amount due out of the assets of the estate before making distribution among the heirs of said intestate.

The administrator moved to dismiss the suit because the plaintiff had a complete and adequate remedy at law for the enforcement of his rights, and the chancery court had no jurisdiction to hear and determine the cause.

The court found that plaintiff had an adequate and complete remedy in the probate court if due diligence had been used ; that, though the probate court may not have the

right to grant relief now by reason of lapse of time, plaintiff, having suffered such right to lapse for want of proper diligence, is not entitled to relief; and decreed that the suit be dismissed at cost of plaintiff. Plaintiff excepted and appealed to this court.

*D. H. Reynolds* for appellant.

1. The statute of limitations does not run against the right to sue to correct a mistake until such mistake is discovered.

2. When the term of the probate court ended, its jurisdiction ceased; certainly when the time provided by law for correcting judgments passed. There being no remedy at law, equity has jurisdiction.

3. Chancery courts have power to relieve against mistakes. It is their peculiar province.

*John G. B. Sims* for appellee.

1. Appellant had a legal remedy in the probate court. Mansf. Dig., sec. 3909. He should have appealed within a year. Not having done so, the matter is now *res judicata.*

2. Chancery courts do not relieve against culpable negligence. Story, Eq. Jur. (11th ed.), sec. 146. But only the vigilant. *Ib.*, secs. 146-8. Nor do they relieve for the mistakes or misjudgment of counsel. *Ib.*, sec. 146, note A.

COCKRILL, C. J. On the plaintiff's theory of the case it stands in one of two attitudes, viz.: (1.) The administrator allowed his claim for $305, and rejected it (or failed to act upon it) for $100, and the court has acted upon the administrator's allowance, but not upon the other part of the claim; or else (2) the claim was allowed by the administrator for $405, and the court adjudged that the full amount of the claim be classified against the estate, but the judgment was erroneously entered for $305.

If the first position is the attitude of the cause, the claim for allowance of $100 against the estate was left pending in the probate court awaiting its action. If the second is the true state of the case, then the probate court could have cor-

rected the error upon notice to the administrator and proof of the fact, just as the circuit court might have done had the cause been pending there. The case of *Arrington* v. *Conrey*, 17 Ark., 100, is an instance of a similar correction in the circuit court. See Black on Judgments, secs. 156, 159. In either event the probate court could grant relief. The resort to equity was therefore unnecessary, and the bill ought to have been dismissed. I Black on Judgments, sec. 168.

Affirm.